IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASBIR S. BRAR, TRUSTEE OF THE
JASBIR S. BRAR LIVING TRUST,

    Plaintiff,               No. 2:13-cv-0422 LKK AC PS

    vs.

PATRICK FAGUNDES,           ORDER AND

    Defendant.           FINDINGS & RECOMMENDATIONS
_____/

        Plaintiff Jasbir S. Brar ("Brar") commenced an unlawful detainer action in Placer County Superior Court on February 25, 2013. Notice of Removal ("NOR"), Ex. 1. Defendant Patrick Fagundes removed this action on March 4, 2013 purportedly on the basis of subject matter jurisdiction, along with a request to proceed in forma pauperis.

        Defendant has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), when a party seeks to proceed in forma pauperis, the court shall dismiss the case if the court determines that the plaintiff fails to state a claim upon which relief can be granted. A plaintiff fails to state a claim when the court lacks

1

jurisdiction over the subject matter of the complaint.  See Fed. R. Civ. P. 12(b)(1).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Furthermore, "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id.  Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id.

With the Notice of Removal, defendant provides a copy of the complaint filed in Placer County Superior Court.  The complaint contains a single claim for unlawful detainer.  In defendant's removal notice, it is asserted that the court has jurisdiction pursuant to defenses that defendant intends to assert in this case based on resolution of claims raised in a separate, related state case, Fagundes v. JP Morgan Chase Bank, N.A., *et al.*, Case No. SCV 0032504.  See NOR at 2.  Plaintiff's complaint for unlawful detainer does not state claims under any federal law.  Rather, defendant appears to assert federal jurisdiction by virtue of defendant's defense to the action.

Removal, however, cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state or federal court. See Vaden v. Discover Bank, 556 U.S. 49 (2009); Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43 (9th Cir. 2009); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998); Preciado v. Ocwen Loan Servicing, 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); Fed. Nat'l Mortg. Ass'n. v. Bridgeman, 2010 WL 5330499, at *4 (E.D. Cal. Dec. 20, 2010).  The complaint indicates that the only cause of action is one for unlawful detainer, which arises under state law and not under federal law.  Thus, this action does not arise under federal law, and

jurisdiction under 28 U.S.C. § 1331 does not exist.

For the reasons set forth above, IT IS HEREBY ORDERED that defendant's motion to proceed in forma pauperis is granted; and

IT IS HEREBY RECOMMENDED that this case be remanded to Placer County Superior Court for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, defendants may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  Defendants are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.

DATED: March 20, 2013.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;brar0422.remand

3